AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of **GUAM**

UNITED STATES OF AMERICA

v.

**Deanna Ingrid Morales aka Deanna Morales Guerrero**

*Defendant*

**ORDER OF DETENTION PENDING HEARING**

Case Number: **MG-05-00027**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____*.
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☒ (1) There is probable cause to believe that the defendant has committed an offense
    - ☒ for which a maximum term of imprisonment of ten years or more is prescribed in **21 U.S.C. §§952 (a) & 960 and 963**
      **21 U.S.C. § 841(a)(1) and 846**
    - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
DISTRICT COURT OF GUAM
MAY 20 2005
MARY L.M. MORAN
CLERK OF COURT

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing ☐ clear and convincing ☒ a preponderance of the evidence that Court finds that there is insufficient information before the Court to establish if any condition or combination of conditions will reasonably assure the appearance of the defendant as required. Further, the Court finds that the defendant is a serious risk to the community and that therefore, it is hereby ordered by this Court that the defendant be remanded to the custody of the United States Marshal.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

May 20, 2005
*Date*

*Signature of Judicial Officer*

**JOAQUIN V. E. MANIBUSAN, JR., MAGISTRATE JUDGE**
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).